J-S45003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LEROY C. JOHNSON, | |
| Appellant | No. 2155 EDA 2012 |

Appeal from the Judgment of Sentence July 20, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010278-2011

BEFORE:  BOWES, WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM BY BOWES, J.:                         **FILED AUGUST 08, 2014**

Leroy Johnson appeals from the judgment of sentence of five to ten years imprisonment followed by six years probation.  Sentence was imposed after a jury convicted Appellant of involuntary manslaughter, homicide by vehicle while driving under the influence of alcohol, homicide by vehicle, aggravated assault by vehicle while DUI, and four counts each of simple assault and reckless endangerment.  We reject Appellant's challenge to the sufficiency of the evidence supporting two of his convictions and affirm.

Appellant's offenses all arise from a traffic accident that occurred at approximately 8:15 p.m. on February 26, 2011.  At that time, Appellant was traveling southbound in his silver SUV on Broad Street, which is a heavily

---

[*]  Former Justice specially assigned to the Superior Court.

trafficked four-lane roadway in Philadelphia. Since Appellant wanted to go northbound on Broad Street, he crossed over a median strip near the intersection of Broad and Venango Streets and made a U-turn into the northbound lanes of Broad Street.

Esther Davis was driving her Ford Escort in the left lane of northbound traffic of Broad Street between Venango Street and Erie Avenue. She had her two daughters and four grandchildren in the car. As Appellant made the illegal U-turn, he crashed into the driver's side of Ms. Davis' car. The impact pushed Ms. Davis' vehicle into the right lane of the northbound traffic of Broad Street. Her vehicle was then struck by another vehicle traveling in the right lane of the northbound traffic. That second impact propelled the Ford Escort across the median strip and into the southbound lanes of Broad Street. Ms. Davis' car then hit two pedestrians, Inia Withers and her boyfriend Devin Whye, who were in the process of crossing Broad Street. Ms. Davis' vehicle struck a parked car, parking meters, and a tree before it came to a stop. Mr. Whye died as a result of the accident, while Ms. Withers was seriously injured and sustained a broken leg and pelvis.

Appellant remained at the scene, and Philadelphia Police Officer Deborah Kiker, a member of the accident investigation unit, immediately responded to the report of the accident. Appellant was identified as the driver of the silver SUV that made the U-turn and struck Ms. Davis' Escort. While Officer Kiker was interviewing Appellant, Appellant displayed signs of intoxication. Appellant denied that he hit Ms. Davis' car in the first instance

and claimed that another vehicle struck Ms. Davis' Escort and that vehicle, which left the scene of the accident, caused her Escort to impact Appellant's SUV.

Ms. Davis and one of her daughters, Regina Brown, contradicted that version of events. They both testified that Appellant's SUV struck Ms. Davis' car when that SUV was making the U-turn from the southbound lanes into the oncoming northbound traffic. The SUV's impact on the Davis car caused it to enter the right hand lane of northbound traffic, where it was then struck by the car that left the scene. The collision with the second car caused the Escort to travel into the oncoming lane of southbound traffic and the pedestrians crossing Broad Street. Officer Kiker examined the damage sustained by the Escort and SUV and determined that it did not support Appellant's version of events, and, instead, was consistent with the description of the accident provided by Ms. Davis and Ms. Brown.

After Appellant admitted to consuming alcohol prior to driving his vehicle, Officer Kiker transported Appellant to have his blood drawn. Dr. Richard Cohn, a forensic toxicologist, reviewed the results of the blood alcohol content test. He opined that Appellant's BAC at 8:15 p.m. on February 26, 2011, was .230%.

Based upon this evidence presented by the Commonwealth, a jury convicted Appellant of the above-delineated offenses. In this appeal from the judgment of sentence, Appellant raises a challenge to the sufficiency of

the evidence as to causation in connection with the two offenses pertaining to the pedestrians:

> Where the defendant, while operating a vehicle, was alleged to have struck another vehicle which, in turn, struck pedestrians and property, was the evidence insufficient to prove the defendant guilty beyond a reasonable doubt of all charges pertaining to injuries and damage resulting from the other vehicle striking pedestrians and property because the evidence failed to prove that the defendant's conduct, and not the conduct of the driver of the other vehicle, was the direct cause of the injuries to the pedestrians and property struck by the other vehicle.

Appellant's brief at 5.

We review a sufficiency argument pursuant to the following principles:

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

***Commonwealth v. Slocum***, 86 A.3d 272, 275 (Pa.Super. 2014) (citation omitted).

On appeal, Appellant does not contest that the evidence presented by the Commonwealth was sufficient to establish that he struck Ms. Davis' Escort while he was making the U-turn from the southbound into the northbound lanes of Broad Street. Nor does Appellant suggest that he was not driving while under the influence of alcohol. Instead, he focuses on Ms. Davis' conduct after her Escort was struck by his SUV. Appellant claims that Ms. Davis' driving behavior after her car was hit rendered her culpable for striking the two pedestrians. Appellant presented the testimony of an expert witness who opined that, after the impact from Appellant's SUV, Ms. Davis should have been able to stop her car prior to hitting Ms. Withers and Mr. Whye. Appellant thus contends his convictions for homicide by vehicle while DUI and aggravated assault by vehicle while DUI are infirm.

Appellant correctly observes that the evidence established that Ms. Davis struck the two pedestrians. Appellant's brief at 28. Appellant continues that "insufficient evidence was presented at trial to prove beyond a reasonable doubt that his actions caused the accident which resulted in the death and injury" to the pedestrians at issue in the present action. ***Id***. at 29. He insists that his conduct was not the "direct cause of the injuries to the pedestrians and property struck by [Ms. Davis'] vehicle." ***Id***.

To resolve this contention, we first examine the testimony of Ms. Davis, who described the events that followed the impact of Appellant's SUV into her Escort. Ms. Davis related that she was hit very hard by Appellant's SUV, was pushed into the right lane, and struck by another car. N.T. Trial, 4/24/12, at 175. The impact caused her to lose control of the car. *Id*. at 177; N.T. Trial, 4/25/12, at 38. As a result, the witness panicked. N.T. Trial, 4/24/12, at 180. Her Escort had a clutch, and she did not recall attempting to brake. When her car came to rest after striking the people, another car, and a tree, her left foot was on the pedal to change gears and her right foot was on the accelerator. Ms. Davis said she placed her other foot on the clutch "trying to take my car out of gear to see if it would stop." *Id*. Her other foot already was on the accelerator at the time of the first crash.

Ms. Davis explained, "[A]ll I know is just it happened so fast. I didn't really have time to do anything, because we were already in the flow of traffic, and my foot was already on the accelerator as we was driving up the street." *Id*. at 180. Ms. Davis further stated that when Appellant's vehicle hit her car, "I guess I just went in shock, and all I could recall is trying not to hit these people." *Id*. Ms. Davis insisted that the events occurred so quickly "there was really not time that I could do anything," but she tried "to not hit these people." *Id*. at 181. Ms. Brown, Ms. Davis' daughter,

confirmed that the entire accident happened in a matter of seconds and that, as a result of the impact, Ms. Davis lost control over the Escort.

Appellant was convicted of homicide by vehicle while DUI, 75 Pa.C.S. § 3735, in connection with Mr. Whye's death. A person is guilty of that offense if he "unintentionally **causes** the death of another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 is guilty . . . when the violation is the cause of death[.]" 75 Pa.C.S. § 3735(a) (emphasis added). The other offense challenged by Appellant, aggravated assault by vehicle while DUI, occurs when a person "negligently **causes** serious bodily injury to another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 . . . when the violation is the cause of the injury." 75 Pa.C.S. § 3735.1(a) (emphasis added). Thus, both crimes concern an outcome, either death or serious bodily injury, that is unintended by the actor.

As noted, Appellant contests that his conduct of DUI caused the death of Mr. Whye and the injury to Ms. Withers. Since the injuries in question were unintentional outcomes of Appellant's actions, the definition of causation is outlined as follows:

> **(a) General rule.**—Conduct is the cause of a result when:
>
> > (1) it is an antecedent but for which the result in question would not have occurred; and

(2) the relationship between the conduct and result satisfies any additional causal requirements imposed by this title or by the law defining the offense.

. . . .

**(c) Divergence between probable and actual result.**—When recklessly or negligently causing a particular result is an element of an offense, the element is not established if the actual result is not within the risk of which the actor is aware or, in the case of negligence, of which he should be aware unless:

(1) the actual result differs from the probable result only in the respect that a different person or different property is injured or affected or that the probable injury or harm would have been more serious or more extensive than that caused; or

(2) the actual result involves the same kind of injury or harm as the probable result and is not too remote or accidental in its occurrence to have a bearing on the liability of the actor or on the gravity of his offense.

18 Pa.C.S. § 303(a); (c).

Herein, Appellant's conduct met these mandates. Appellant made a U-turn on a four-lane, heavily traveled highway in Philadelphia while driving with a BAC over twice the legal limit. Both vehicles were traveling in opposite directions and Appellant hit the car hard. The fact that the vehicle Appellant struck would lose control and cause death or injury to a pedestrian on that roadway was a probable and natural result of his grossly negligent actions. Furthermore, the fact that a car that he struck with his vehicle would lose control and hit pedestrians was not too remote or accidental in its

occurrence so as to relieve Appellant's liability. Indeed, it was highly foreseeable.

In a recent *en banc* decision, we discussed criminal causation in an analogous circumstance involving a traffic accident. ***Commonwealth v. Spotti***, 2014 WL 2535265 (Pa.Super. 2014) (*en banc*). In that case, an accident occurred on a four lane highway. Police had received numerous reports that the defendant's vehicle was driving erratically. One motorist was asked to follow the defendant with her hazard lights flashing. She complied, and police located her and then the defendant's car. Police started to follow the defendant's vehicle, which was in the left lane. Another motorist, Steven Chung, was traveling in the right lane of the highway. When police activated their sirens, the defendant swerved into the right lane and then suddenly braked. That action caused Mr. Chung to veer right to avoid colliding with the defendant's vehicle.

When Mr. Chung swerved to avoid the defendant, he struck a van that was disabled and sitting on the side of the road. As a result of this second collision, two people helping to change the tire of the van were severely injured. The defendant's blood alcohol content while driving was .203%. He was charged and convicted of two counts of aggravated assault with a vehicle while DUI in connection with the injuries caused to the two people changing the tire.

On appeal, the defendant challenged those convictions based upon the same ground as that raised herein: causation. The defendant in **Spotti** insisted that Mr. Chung's "actions were a sufficiently independent cause of the accident, which broke the chain of legal causation required to support Appellant's convictions." **Id**. at * 6. We disagreed. We observed that to establish causation in the criminal context, "the Commonwealth must prove that the defendant's conduct was so directly and substantially linked to the actual result as to give rise to the imposition of criminal liability." **Id**. at * 7.

Referencing § 303, we noted that there is a "two-part test for determining criminal causation. First, the defendant's conduct must be an antecedent, but for which the result in question would not have occurred." **Id**. In other words, a victim's injuries cannot be "entirely attributable to other factors; rather, there must exist a causal connection between the conduct and the result of conduct; and causal connection requires something more than mere coincidence as to time and place." **Id**. Secondly, the outcome of "the defendant's actions cannot be so extraordinarily remote or attenuated that it would be unfair to hold the defendant criminally responsible." **Id**. (citations and quotation marks omitted). This second aspect of the causation matrix is established if the victim's injuries are the natural or foreseeable consequence of the defendant's actions. **Id**.

We observed that it is not necessary that the defendant's conduct be the sole cause of the victim's injuries to establish criminal causation for

- 10 -

unintended injuries to another. We observed: "Criminal responsibility may be properly assessed against an individual whose conduct was a direct and substantial factor in producing the death even though other factors combined with that conduct to achieve the result." *Id*. (citation omitted). We concluded with the observation that a defendant is considered the direct cause of the victim's injuries and criminal responsibility is established when "the defendant's conduct started the chain of causation which led to the victim's death[.]" *Id*. at *8 (quoting **Commonwealth v. Fabian**, 60 A.3d 146, 152 (Pa.Super. 2013)).

Spotti's position was that he did not cause the injuries to the people located on the side of the road because he did not collide either with them or Mr. Chung's car. Spotti maintained that Mr. Chung's behavior was reckless and unforeseeable and could not be attributed to him. He accused Mr. Chung of following his vehicle too closely and acting as a vigilante.

We rejected his positions based upon the testimony of Mr. Chung, who explained that he was in the right lane when the defendant's car swerved into his lane of travel and braked violently. Mr. Chung denied trying to follow the defendant's vehicle or driving too closely to it. Mr. Chung explained that when the defendant swerved, Mr. Chung only had two options: either to strike the defendant's car or travel onto the berm. Other witnesses confirmed Mr. Chung's version of events. We concluded that,

under the circumstances, Spotti's conduct was the legal cause of the injuries to the people who were struck by Mr. Chung's car.

The present case cannot be reasonably distinguished from **Spotti**. When Appellant's SUV hit Ms. Davis' car, the impact was so violent she lost control of her vehicle. Despite her best efforts to avoid striking the pedestrians, she was unable to do so. Appellant's action of hitting Ms. Davis' car was the direct and substantive cause of the chain of events that led to her striking the pedestrians. Ms. Davis' driving was far from the sole cause of the pedestrian's injuries. Moreover, another accident was a natural, probable, and foreseeable consequence of Appellant's attempt to make a U-turn into a heavily trafficked two-lane road. Hence, we reject Appellant's challenge to the sufficiency of the evidence supporting his convictions.

Judgment of sentence affirmed.

Judge Wecht Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2014